**IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LaVern King** )<br>**2649 30th Street SE** )<br>**Washington DC 20020** )<br>) <br>) <br>**Plaintiff,** )<br>) <br>v. )<br>) <br>) <br>**Pinkerton Government Services, Inc.** )<br>**6850 Versar Center, Suite 301** )<br>**Springfield, Virginia 22151** )<br>) <br>**Ashton B. Carter, Secretary** )<br>**US Department of Defense** )<br>**1400 Defense Pentagon** )<br>**Washington, DC 20301-1400** )<br>**(National Geospacial-Intelligence Agency** )<br>**7500 Geoint Drive** )<br>**Springfield, Virginia 22150)** )<br>) <br>**Defendants.** )<br>) | **COMPLAINT AND<br>JURY DEMAND**<br><br>**Case No. :  15-1426** |

## **VERIFIED COMPLAINT**

Plaintiff, LaVern King, by and through her undersigned counsel, brings this complaint in the United States District Court for the District of Columbia against Pinkerton Government Services ("Pinkerton"), a corporation registered to do business in the Commonwealth of Virginia and the District of Columbia, and the United States Department of Defense and its National Geospacial-Intelligence Agency (NGA), alleging as follows:

## NATURE OF THE CASE

1. Plaintiff, Ms. King is a female, who resides in the District of Columbia, who has been employed as a police/security officer for NGA (through direct and indirect hire), and who has over 30 years of experience in the security sector. During the course of her carrier, she has worked under a multitude of government agencies, including but not limited to the Federal Bureau of Investigation (FBI), the Central Intelligence Agency (CIA) as well as the Department of Defense (DoD).

2. During Ms. King's tenure as a direct hire at NGA, as the only female officer on her shift, Ms. King encountered discrimination (including that entailing her wrongful termination) from which she sought protection by way of the administrative process of the United States Equal Employment Opportunity Commission (EEOC).

3. Immediately following the Commission's appellate decision in that matter, Ms. King was summarily, discriminatorily and retaliatorily terminated from her contract position, wherein she was serving again as a security personnel at the NGA; which actions were taken in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the basis of race, color, religion, sex, or national origin.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

## **VENUE**

5. Venue is proper in this District pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e, *et seq.*, because the claims, including that of the unlawful employment discrimination and retaliation, giving rise to Plaintiff's complaint occurred in this District, the Plaintiff is a resident in the said District and the Defendants conduct and/or are registered to conduct business within the District.

## **PARTIES**

6. Plaintiff is a resident of the District of Columbia, currently employed in the District of Columbia within the federal security sector.

7. Defendant, Pinkerton Government Services, Inc. is, in pertinent part, a government contractor, which, amongst others, services the federal security sector and the DoD in particular.

8. Defendant, National Geospacial-Intelligence Agency (NGA) is an agency of the Department of Defense and member of the United States Intelligence Community.

9. All of the acts and failures to act alleged herein were duly performed by and are attributable to Defendants. Said acts and failures to act were within the scope of such agency and/or employment, and Defendants participated in, approved and/or ratified the unlawful acts complained of herein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff has exhausted her administrative remedies. She filed timely administrative charges of discrimination against the Defendants with the U.S. Equal Employment Opportunity Commission (EEOC) and the EEOC issued a notice of right to sue on June 16, 2015.  Plaintiff received the said notice on or about June 16, 2015

## STATEMENT OF THE FACTS

11. Ms. King commenced her employment with Defendant, NGA on or about March 15, 2010, as an NGA police officer.

12. Ms. King successfully completed the requisite training for the aforementioned position on or around August 29, 2010.

13. In or around the month of December 2010, Ms. King brought to the attention of her superiors that she had not been paid for training (that one of her male colleagues had been paid for), at or around which time, Ms. King was addressed by (Lieutenant Hearns) who vehemently disagreed with Ms. King's assertion and who assaulted Ms. King (by aggressively putting his hand in her face during the course of their conversation).

14. Following this incident, Ms. King on the same day filed a grievance at NGA's headquarters, for which she never received a response.

15. On or about 18 February 2011, Ms. King advised her supervisor, Sgt. Edmond Jacobs of payroll discrepancies, which discrepencies have not been resolved to date.

16. In light of the said discrepancies, on or about March 3, 2011, Ms. King was instructed by her superiors to review the matter and to complete the review and to submit the results the following morning after her shift.

17. In spite of Ms. King's compliance with the aforesaid instructions to review and resolve the payroll discrepancies, she was wrongfully served a termination letter falsely alleging that she had abandoned her post, during the time period wherein she sought to resolve the payroll discrepancies; and Ms. King was replaced thereafter with a male officer.

18. Having apprehended a clear disparity in her treatment (as the sole female officer on her shift), relative to that of her male colleagues, Ms. King filed an EEO complaint in or around the month of May of 2011, and a subsequent appeal was filed.

19. On or about March 20, 2012, while the EEO matter was yet ongoing, Ms. King was hired by Pinkerton to serve as an access control officer at the NGA site in Vienna Virginia.

20. Following the EEOC decision, in or around January 2013, Ms. King's employment summarily ceased, at the behest of NGA according to Ms. King's understanding; and Ms. King was again replaced with a male officer.

21. Plaintiff suffered myriad harms, including, without limitation, loss of income, diminution in her employment status and benefits, humiliation, mental anguish, and emotional distress as a result of Defendants' actions.

**RELIEF ALLEGATIONS**

22. An actual controversy exists between Plaintiff and Defendants regarding their respective rights and duties. Defendants' conduct violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

23. Defendants intentionally acted as herein alleged on the basis of Plaintiff's gender and because the Plaintiff sought protection and the enforcement of her rights via the (EEOC) administrative process.

24. Defendants acted or failed to act as herein alleged with malice or reckless indifference to the protected rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined according to proof.

**FIRST CLAIM FOR RELIEF**

*Violations of Title VII: (Discriminatory) Retaliation*

24. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 24 as though fully set forth herein.

25. Defendants' conduct as herein alleged violated Title VII of the Civil Rights Act of 1964, as amended ,42 U.S.C. § 2000e, *et seq.,* which*, inter alia,* makes it unlawful to discriminate against employees on the basis of sex, and unlawful to retaliate against employees that seek the protections from the same, as provided under the said Title.

26. Defendants discriminated against Plaintiff in violation of Title VII by, and without limitation, terminating her employment, as set forth herein.

27. Defendants violated the provisions of Title VII not only by procuring the discriminatory termination of the Plaintiff's employment, but also thereby retaliating

against the Plaintiff, following the conclusion of and due to the Plaintiff's participation in the administrative process, wherein she sought to have enforced the prohibitions against the employment discrimination that she earlier suffered.

28. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in income, employee benefits, humiliation, mental anguish, and emotional distress, amongst other harms. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

29. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

30. Plaintiff requests relief as described in the Prayer for Relief below.

### SECOND CLAIM FOR RELIEF

*Disparate Impact*

31. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 30 as though fully set forth herein.

32. Defendants' conduct has had a disparate impact on Plaintiff, as Defendants have unlawfully treated Plaintiff differently than other employees.

33. As a proximate result of Defendants' discriminatory and retaliatory actions, Plaintiff has suffered losses in benefits, humiliation, mental anguish, and emotional distress. As a result of such actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

34. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

35. Plaintiff requests relief as described in the Prayer for Relief below.

## THIRD CLAIM FOR RELIEF

*Breach of Contract Pleas*

36. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 35 as though fully set forth herein.

37. Defendants, as herein described above, did, by summarily forcing the termination of the employment contracts with Plaintiff, breach their expressed and implied obligations under the said contracts.

38. Furthermore, and in the alternative, the Plaintiff did rely to her detriment on the promises and assertions made by the Defendants, for which the Plaintiff hereby demands promissory estoppel.

39. The Plaintiff makes these claims under the laws of the District of Columbia, as she has no means of relief for such damages under federal law. And Plaintiff requests relief from the same, as described in the Prayer for Relief below.

### **FOURTH CLAIM FOR RELIEF**

*Tortious Interference with Commercial and Economic Interests*

40. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 39 as though fully set forth herein.

41. By insisting on the termination of the Plaintiff's employment contract, as herein described, the Defendant NGA thereby tortiously interfered with the Plaintiff's commercial and economic interests, which caused the Plaintiff harm, as is herein set forth and as will be further elucidated during the course of this matter.

42. The Plaintiff makes this claim under the laws of the District of Columbia, as she has no means of relief for such damages under federal law. And Plaintiff requests relief from the same, as described in the Prayer for Relief below.

### **FIFTH CLAIM FOR RELIEF**

*Intentional Infliction of Emotional Distress*

43. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 42 as though fully set forth herein.

44. By intentional, outrageous conduct with the intent to cause plaintiff extreme emotional distress, which conduct did cause extreme emotional distress, to plaintiff's substantial damage, Defendants tortiously intentionally inflicted emotional distress on plaintiff, for which Defendants are liable for damages under the laws of the District of Columbia, as the Plaintiff has no means of relief for such

damages under federal law; and therefore the Plaintiff requests relief from the same, as described in the Prayer for Relief below.

## SIXTH CLAIM FOR RELIEF

*Negligence Pleas*

45. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through and 44 as though fully set forth herein.

46. At all times relevant, the Defendants owed duties to the Plaintiff in association with her status and rights as an employee/contractor and as set forth under the laws of the District of Columbia; the Defendants wantonly breached the said duties and thereby immediately and proximately caused harm to the Plaintiff, as set forth herein, and as will be further elucidated during the course of this action.

47. The Plaintiff makes the alternative claims of negligence and negligence *per se* under the laws of the District of Columbia, as she has no means of relief for such damages under federal law; and Plaintiff requests relief from the same, as described in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A. Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate Title VII of the Civil Rights Act of 1964;

B. Grant all injunctive relief necessary to bring Defendant into compliance with the aforementioned laws;

C. Order Defendants to pay employment benefits, and other compensation denied or lost to Plaintiff to date by reason of Defendants' unlawful actions, in amounts to be proved at trial;

D. Order Defendants to pay compensatory damages for Plaintiff emotional pain and suffering, in an amount to be proven at trial;

E. Order Defendants to pay exemplary and punitive damages;

F. Order Defendants to pay attorneys' fees and costs of the action;

G. Order Defendants to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

H. Grant any further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

## **VERIFICATION**

I, Ms. LaVern King, do hereby verify and affirm, under penalty of perjury, that the forgoing is true and accurate to the best of my knowledge, belief and understanding.



LAVERN KING, Plaintiff

Dated: August 31, 2015                    Respectfully Submitted,

National Law Clinic
1425 K Street NW, Suite 350
Washington DC 2000e5
Contact@NationalLawClinic.org

/s/ Coleman Foster
Coleman Foster
Bar Number: 480270
Tel: (202) 587-5734
cfoster@NationalLawClinic.org

*Counsel for Plaintiff*